UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

UNITED STATES OF AMERICA,

       Plaintiff,

v.

CASSANDRA R. SHARP,

       Defendant.

------------------------------------------------------

CASE NO. 1:93-CR-0063

OPINION & ORDER
[Resolving Doc. No. 23]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In 1993, Cassandra Sharp pleaded guilty to aiding and abetting bank fraud and to bank fraud pursuant to 18 U.S.C. §§ 2, 1334. The district court sentenced her to one day in prison and over $18,000 in restitution. Sharp now moves this Court to seal her record of conviction. [Doc. 23.] The United States of America opposes the motion. [Doc. 24.] For the following reasons, the Court **DENIES** Sharp's motion.

The Sixth Circuits has held that, "it is within the inherent equitable powers of a federal court to order the expungement of a record in an appropriate case." *U.S. v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). That power, however, is confined by the government and public's strong interest in open records. See *U.S. v. Robinson*, 1996 WL 107129 at *2 (6th Cir. 1996). Accordingly, appropriate cases include, "illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *Id.* And, contrariwise, courts "uniformly den[y] expunction requests regarding valid convictions." *Id.*

According to Sharp, her conviction limits her employment opportunities and has caused

-1-

Case No. 1:93-CR-0063
Gwin, J.

financial hardship. *See* [Doc. 23-2.] But she does not allege government misconduct, that her conviction was illegal, or that the statutes are unconstitutional. And while Sharp bases her argument on Ohio Revised Code § 2953.32, that statute applies only to Ohio state-law convictions and is not relevant to her federal conviction. To her credit, Sharp has served her time, paid restitution in full, and has led a law-abiding life since her conviction. But, because the Court must "balanc[e] the government's need for effective law enforcement against the minor harm . . . to [Sharp]," expungement is inappropriate. *Schwab v. Gallas*, 724 F.Supp. 509, 511 (N.D. Ohio,1989).

The Court therefore DENIES Sharp's motion to seal her record of conviction.

IT IS SO ORDERED.


Dated: December 16, 2011            s/     *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE 1985)